United States District Court
Southern District of Texas
**ENTERED**
September 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN TERRELL WALLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-07206 |
| | § | |
| WAYNE DICKEY, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND ORDER

Petitioner Shawn Terrell Walls has filed a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 to challenge his present confinement pursuant to a conviction and probated sentence in Brazos County cause number 20-02115-CRF-272. Doc. No. 1 at 2. The Court has carefully considered the petition and public records and concludes that this petition must be dismissed without prejudice for failure to exhaust available state remedies.

## I. EXHAUSTION OF STATE REMEDIES

A petitioner must first exhaust all available state court remedies before he may seek federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the

rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C).

In Texas, a prisoner may exhaust remedies by taking the following paths: (1) the petitioner may file a direct appeal from the challenged conviction or adverse decision, followed by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

In his petition, Walls indicates that he has not filed any appeal or application for a writ of habeas corpus for this conviction. *See* Doc. No. 1 at 3-4. He has not sought review through one complete cycle of either state direct appeal or post-conviction collateral proceedings. Because state process remains available, Walls's petition is not yet exhausted. Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## II. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate (1) "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; or (2) where denial of relief is based on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and would also "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not debate whether the petition is unexhausted and therefore premature because the state courts have not been given any opportunity to address the petitioner's claims through process that is available. Therefore, a certificate of appealability will not issue in this case.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's habeas corpus petition is **DISMISSED** without prejudice for failure to exhaust his state remedies.
2. All pending motions, if any, are **DENIED as MOOT**.
3. A certificate of appealability is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED this 10th day of September 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE